UNITED STATES of America,
Appellee,

v.

David Henry MITCHELL, III, Defendant-
Appellant.

No. 239, Docket 30104.

United States Court of Appeals
Second Circuit.

Argued Jan. 10, 1966.

Decided Jan. 13, 1966.

Jon O. Newman, U. S. Atty. for Dist. of Connecticut, Hartford, Conn., for appellee.

Fyke Farmer, Nashville, Tenn., for defendant-appellant.

William K. Muir, Jr., New Haven, Conn. (Carroll W. Brewster, New Haven, Connecticut, on the brief), for New Haven Civil Liberties Council, amicus curiae.

Before LUMBARD, Chief Judge, and MEDINA and KAUFMAN, Circuit Judges.

MEDINA, Circuit Judge:

Appellant David Henry Mitchell, III, appeals from a judgment of conviction, entered upon a jury verdict of guilty, arising out of a one-count indictment charging appellant with wilful failure to report for induction into the Armed Forces, in violation of 50 U.S.C. App., § 462.

Various points of law have been covered in the briefs and on oral argument but we shall confine our discussion to the decisive question, whether appellant's right to the effective assistance of counsel under the Sixth Amendment was infringed by forcing him to trial without allowing him sufficient time to obtain defense counsel of his own choice.

On May 20, 1965 appellant was indicted. He pleaded not guilty on June 14, 1965. A motion to dismiss the indict-

ment, made on August 2, 1965, was argued on September 7, 1965 and on the same day denied. On the following day the trial judge was disposed to proceed at once to trial, but certain developments to which we shall refer later led to a continuance until September 13, 1965, at which time a trial was had resulting in appellant's conviction and the imposition of a sentence to not less than 18 months and not more than 5 years imprisonment pursuant to 18 U.S.C. § 4208(a) (1), and the imposition of a committed fine of $5,000. Appellant has been released on bail pending the disposition of this appeal.

Of basic importance is the fact that appellant, for the 4 previous years, and up to and including September 8 and September 13, had taken the position before the Draft Board and in the District Court that his refusal to comply with Selective Service requirements was not because he was a pacifist but because, if he submitted to the draft, the "Nuremberg Law" would render him "guilty of complicity in crimes defined by the Charter of the International Military Tribunal," specifically wars of aggression and acts of inhumanity. Apparently it was his plan of defense to attempt to prove in one way or another that the United States had been guilty of such wars of aggression and acts of inhumanity in Vietnam, Cuba, Panama, Santo Domingo and elsewhere.

Against this background, the scene opens in the District Court on the morning of Wednesday, September 8. Up to that time and for about a year, including a considerable period of time before appellant was indicted, he had been represented by Conrad J. Lynn, Esq., as his lawyer. The trial judge announced that Mr. Lynn had told him over the telephone that he was ill and could not be present in court on September 8. The substance of what then occurred was that appellant informed the trial judge that he was about to dismiss Mr. Lynn and he asked for time to obtain new counsel, stating that his problem was not lack of funds but rather the difficulty of "finding a counsel who I will have confidence will

represent my position in opposition." The trial judge adjourned the trial to the following Monday and said: "The condition, however, that the Court imposes upon substitution of counsel is that he be ready to proceed with the trial of the case on Monday, September 13." Appellant insisted that the time was too short.

The colloquy was resumed in court on Monday, September 13. Mr. Lynn was present and he informed the trial judge that he had spoken with appellant who did not feel that Mr. Lynn could represent him, "there is complete incompatibility on the way this matter should be presented." Also in court was Anthony C. Apicella, Esq., an experienced trial lawyer and former Assistant United States Attorney, whom the trial judge had asked to be there and who had agreed to represent appellant as assigned counsel, should the occasion for his appointment as such arise. Appellant promptly said he had dismissed Mr. Lynn and "I am not ready to accept court-appointed lawyers." While the discussion continued for several pages of the transcript, the end result was that Mr. Lynn and Mr. Apicella were told to give appellant such legal advice and assistance as he might desire. Appellant, on the other hand, insisted he needed more time to obtain new counsel of his own choosing, that he had "contacted" some 15 lawyers none of whom would accept a retainer on such short notice, and that he did not want and would not avail himself of the services of either Mr. Lynn or Mr. Apicella. Later Mr. Lynn was excused by general consent.

Did appellant waive his right to counsel on September 13? We think not. He did say at one time, in answer to a direct question by the trial judge as to whether he wished to waive his right to counsel, "Yes. You leave me no alternative." This we think amounted to no more than to say, "Yes, because you compel me to do so." Later he explicitly said he did not waive his right to counsel, and throughout these preliminary proceedings appellant stoutly maintained the position he had taken from the beginning,

that is to say, that he needed more time to obtain new counsel. At the trial he refused to participate in any significant way and refused to permit Mr. Apicella to make objections or motions on his behalf. He did not testify in his own behalf nor did he call any witnesses or offer any documentary evidence.

So, the question for decision by us is, under the circumstances did the trial judge abuse his discretion by granting appellant only the period between Wednesday, September 8, and Monday, September 13, to obtain the effective assistance of counsel, and thus, in effect, deprive him of such assistance? We think he did, and for that reason we reverse the judgment of conviction and remand for a new trial.

In essence, what the trial judge failed to take into consideration is that this is not "a very simple case." It has decided First Amendment overtones. It is always difficult to obtain counsel to defend an unpopular cause, especially in a time of active hostilities. Moreover, a reasonable time was required for counsel to familiarize himself with the various intricacies of the Selective Service Law and to decide upon the proper strategy to be followed at the trial in order, if possible, to obtain an acquittal, or to make a record for purposes of appeal, or to obtain as light a sentence as the circumstances might warrant. We do not say a trial judge lacks discretion to fix the ultimate date of trial in any case, including those involving constitutional overtones, the assertion of defenses that may be deemed "unpopular," and others, whether "simple" or complicated. We say only that, on this record, the time afforded appellant to secure a lawyer was not a reasonable time.

The right to counsel cannot mean that a defendant may continually delay his day of judgment by discharging prior counsel or by persistently refusing to select a new lawyer or any lawyer to defend him. The exercise of the right to counsel must be balanced with the necessities of sound judicial administration. A speedy trial, also guaranteed by the Sixth Amendment, is a desirable object of the criminal law. Indeed, the Selective Service statute, 50 U.S.C. Appendix § 462(a) provides, as the trial judge observed, "Precedence shall be given by courts to the trial of cases arising under this title, and such cases shall, upon request of the Attorney General, be advanced on the docket for immediate hearing." At the same time, however, the desire for expedition can furnish no justification for the subversion of the Sixth Amendment right to present an effective defense through counsel.

In a case where the criminal act charged had occurred nine months before, and where four months had elapsed since the indictment, it does not lie in the Government's mouth now to urge the need for such speed that the trial could not be delayed the few days necessary for defendant to find counsel.

If appellant's decision at the last moment to dismiss counsel of such long standing as Mr. Lynn was undertaken for purposes of delay or disruption of the proceedings, we find nothing in the Sixth Amendment to require acquiescence by the trial judge. But here it is most significant that, while the Government does not concede that appellant acted throughout in good faith, no charge of bad faith is asserted against appellant by the prosecutor.

With respect to the opinion filed by the trial judge after jurisdiction was transferred to this Court by the service of a notice of appeal, none of the judges on this panel have given its contents any consideration in rendering this decision. It is, therefore, not necessary for us to pass on the motion to strike this opinion from the record.

We think that, under the circumstances, Chief Judge Timbers, in the interest of sound judicial administration, would be wise to re-assign the case to another judge for re-trial.

Reversed and remanded.