**UNITED STATES of America,
Appellee,**

v.

**Louis LEIGHTON, Appellant.**

**No. 172, Docket 31476.**

United States Court of Appeals
Second Circuit.

Argued Nov. 14, 1967.

Decided Dec. 15, 1967.

See also D.C., 265 F.Supp. 27.

Gilbert S. Rosenthal, New York City, for appellant.

Elkan Abramowitz, Asst. U. S. Atty., So. District of New York (Robert M. Morgenthau, U. S. Atty., and Michael S. Fawer, Asst. U. S. Atty., on the brief), for appellee.

Before WATERMAN, FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

Appellant Louis Leighton was convicted on trial to the jury in the Southern District of New York, Dudley B. Bonsal, Judge, of bribing an Internal Revenue Agent in violation of 18 U.S.C. § 201(b), and he appeals. We find no error and affirm the judgment.

The alleged bribe was made during the second of two meetings with Field Agent Tiffany at Leighton's place of business. Both parties agree that a bribery suggestion was made at the first meeting of the agent and the taxpayer. The litigants, of course, hotly dispute the authorship of the bribery suggestion. Tiffany appeared at the second meeting armed with both a concealed miniature wire recorder and a concealed miniature

radio transmitter. The transmitter failed to function well, but the recorder produced a reproduction of a portion of the conversation between Leighton and Tiffany which was later admitted into evidence at the trial. Leighton now relies on three rulings of the trial court as bases for reversal of his conviction: (1) that Leighton was ordered not to consult with his attorney during a luncheon recess which occurred in the interim between the direct and cross examination of Leighton; (2) that the minifon recording of the conversation between Leighton and Tiffany was admissible; and (3) that entrapment was not established as a matter of law. Since Leighton made timely objections to these rulings they are properly before us on appeal.

■ Leighton's objection to the ruling of the trial court that he could not consult with his attorney during the luncheon recess is framed in terms of the violation of his right to counsel. But Leighton was represented by retained counsel during the entire trial. What is actually at issue is the question of the effective assistance of counsel. At no time during, before, or after the recess, did either Leighton or his attorney indicate that they did in fact have something to discuss which might have affected Leighton's testimony or course of action. Leighton's attorney did object to the judge's ruling, but the objection appears to us an attempt to sow reversible error into the record, rather than an effort to indicate to the trial judge that the attorney and client had something to discuss. Compare Krull v. United States, 240 F.2d 122 (5 Cir.), cert. denied 353 U.S. 915, 77 S.Ct. 764, 1 L.Ed.2d 668 (1957). We conclude that the government has established beyond a reasonable doubt that the appellant's right to the effective assistance of counsel was not impaired by the ruling of the trial court. See Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ Leighton's reliance upon United States v. Venuto, 182 F.2d 519 (3 Cir. 1950), is misplaced. That case involved a series of rulings barring communication between a defendant and his attorney in a four-day bank deposit reconstruction income tax trial involving voluminous records. The harm done by the ruling in those circumstances is self-evident. In the case before us, only one eighty-five minute luncheon recess is involved. The ruling in the instant case barring communication between the defendant and his counsel during the recess between direct and cross examination was also applied to every other witness who testified at the trial. The application of this ruling to others than the defendant is not in issue. Its application to the defendant was quite plainly uncalled for, and we are unable to understand why it was sought or made as to him. We will not, however, reverse the conviction solely on this ground when we can discern no actual harm to the right to effective assistance of counsel, and are convinced that there was none.

■ Leighton also objected to the admission into evidence of the wire recording made by Agent Tiffany of their conversation. A sound recording made by or with the permission of a government agent who is a party to the recorded conversation is admissible. Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963). The Supreme Court has twice during the last year re-affirmed the position that it had previously enunciated in *Lopez*, Osborn v. United States, 385 U.S. 323, 87 S.Ct. 429, 17 L.Ed.2d 394 (1966); Berger v. State of New York, 388 U.S. 41, 87 S.Ct. 1873, 1880, 18 L.Ed.2d 1040 (1967), even though some commentators appear to have doubts as to the soundness of the rule. See discussion on the basis of the *Lopez* rule in Westin, Privacy and Freedom (1967) 356–359.

■■ Lastly, Leighton contends that the district judge erred when he refused to enter a judgment of acquittal since Leighton had established the defense of entrapment as a matter of law. The entrapment defense hinged on which of two conflicting versions of the first conversation between Leighton and Agent Tif-

fany was to be believed. The entrapment defense rested upon a question of credibility, properly put to the jury. Osborn v. United States, 385 U.S. 323, 331, 87 S.Ct. 429, 434, 17 L.Ed.2d 394 (1966). Since Leighton does not even allege any errors in the charge to the jury, no grounds for reversal in connection with the question of entrapment are shown.

The judgment of conviction is affirmed.