**John H. BAILEY, Petitioner,**

v.

**Walter REDMAN, Warden, Delaware Correctional Center, and Richard R. Wier, Attorney General of the State of Delaware, Respondents.**

**Civ. A. No. 78–277.**

United States District Court,
D. Delaware.

Nov. 17, 1980.

John G. Mulford, Theisen, Lank, Mulford & Goldberg, Walter S. Rowland, Wilmington, Del., for petitioner.

Francis A. Reardon, Deputy Atty. Gen., Dept. of Justice, Wilmington, Del., for respondents.

OPINION

STAPLETON, District Judge:

John H. Bailey, the petitioner in this habeas corpus proceeding, was indicted by the Grand Jury of New Castle County for the crimes of murder in the first degree and possession of a deadly weapon during the commission of a felony. On December 9, 1975, during the third week of his four week trial, petitioner took the stand in his own defense. His direct examination commenced at 10:00 A.M. and continued until the luncheon recess. The trial resumed at 2:00 P.M. and petitioner's direct testimony lasted until mid–afternoon. Cross–examination was not completed by the end of the

day and the Court, before recessing, issued the following order to the petitioner:

> The Court: ... Mr. Bailey, during the evening recess, I caution you and instruct you that you are not to discuss your testimony with anybody until you have completed your testimony in this case. Do you understand?
>
> The Witness: (Witness nodded affirmatively)

This instruction was neither questioned nor objected to by Bailey's counsel. The Court then recessed from 5:15 P.M. on December 9, 1975 to 10:00 A.M. on the following day, a total of seventeen hours. Petitioner, who was in custody during the trial period, was returned to the Delaware Correctional Center in Smyrna, Delaware for the night. During this seventeen hour recess, the petitioner did not consult with counsel.

The state's cross–examination continued on December 10, 1975. During the morning session petitioner's counsel interposed objections to the scope and repetitive character of the state's cross–examination, but neither questioned the propriety of the previous afternoon's instructions nor asked for permission to consult with his client. Cross–examination was completed later that morning.

Defendant was sentenced on February 5, 1976 to imprisonment for thirty years for the manslaughter and ten years for the felony–weapon offense, with the sentences to run consecutively.

Petitioner filed a motion for a new trial which was denied, *State v. Bailey*, Del.Su-

per., 352 A.2d 415 (1976). Thereafter his convictions were affirmed by the Supreme Court of Delaware. *Bailey v. State*, Del. Supr., 363 A.2d 312 (1976).[1] The denial of counsel issue was raised for the first time on January 17, 1979 in an application to the trial court for post–conviction relief. The Delaware Supreme Court affirmed the trial court's denial of that application on July 17, 1980.

The trial judge explained the purpose of his instruction to the defendant in the following segment of his opinion on petitioner's application for post–conviction relief:

> [The defendant] was not sequestered or deprived of contact with his attorney. Defendant was free to communicate about anything except his testimony. The sole purpose for the cautionary instruction was to prevent the possibility of any improper influence from any source.

The sole issue before this Court is whether the giving of the instruction not to confer about petitioner's testimony during a seventeen hour evening recess violated petitioner's right to the effective assistance of counsel secured by the Fourteenth and Sixth Amendments to the United States Constitution.[2]

■ A defendant in a state felony prosecution is entitled to the effective assistance of counsel at all critical stages of the proceedings.[3] This, of course, includes the right to confer with counsel at the trial stage.[4] While this right may be restricted, it can only be restricted in the service of a compelling countervailing interest and then

---

1. Defendant's motion for new trial raised some twelve issues, as did his direct appeal to the Delaware Supreme Court; but none of the issues raised by defendant included the Sixth Amendment claim which he now asserts.

2. Petitioner argues that the Court's instructions barred *all* communication between petitioner and his counsel during the evening recess but this contention is clearly contrary to the plain meaning of the words used by the trial judge. If petitioner and his counsel in fact understood those words to be broader in scope than a prohibition on discussions of petitioner's testimony, the failure of communication cannot be laid at the feet of the state; their misconcep-

tion, accordingly cannot constitute a violation of the Fourteenth Amendment.

3. *Holloway v. Arkansas*, 435 U.S. 475, 489, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426 (1977); *Gideon v. Wainwright*, 372 U.S. 335, 345, 83 S.Ct. 792, 797, 9 L.Ed.2d 799 (1963); *Powell v. Alabama*, 287 U.S. 45, 68–69, 53 S.Ct. 55, 63–64, 77 L.Ed. 158 (1932).

4. *Holloway*, 435 U.S. at 489, 98 S.Ct. at 1181; *Hamilton v. Alabama*, 368 U.S. 52, 54–55, 82 S.Ct. 157, 158–159, 7 L.Ed.2d 114 (1961); *Reynolds v. Cochran*, 365 U.S. 525, 81 S.Ct. 723, 5 L.Ed.2d 754 (1961).

only in a manner reasonably calculated to further that interest without unnecessarily curtailing the right to have the "guiding hand of counsel."[5]

In *Geders v. United States*, 425 U.S. 80, 91, 96 S.Ct. 1330, 1336, 47 L.Ed.2d 592 (1976) the Supreme Court held "that an order preventing [the] petitioner from consulting his counsel 'about anything' during a seventeen hour overnight recess between his direct and cross–examination impinged upon his right to the assistance of counsel guaranteed by the Sixth Amendment." The Court so held in the face of a contention that the trial court's order was justified in the interest of avoiding the risk of unethical coaching of the defendant. While the Court concluded that this interest would not justify a *complete* bar on defendant–attorney communications over an extended period during which they would normally work together, a majority of the court indicated that this was a legitimate interest which would justify some restrictions of defendant's right to consult with his counsel. Specifically, while the majority opinion holds that "concern for the integrity of the trial" will not justify "a sustained barrier to communication between a defendant and a lawyer",[6] it suggests that a trial judge concerned about improper coaching can require that the trial continue beyond normal court hours so that the direct and cross–examination of the defendant will be completed without interruption. *Id.*, 425 U.S. at 90, 96

S.Ct. at 1336. The necessary implication of this suggestion by the majority of the Court is that a trial judge, in the interest of the integrity of the factfinding process, can foreclose a defendant from consulting with his attorney until the close of his testimony so long as he does not do so in a way that unnecessarily interferes with other collaboration between defendant and his counsel.

■ The effect of the after hours testimony practice sanctioned by the Court in *Geders* is not only to bar any possibility of advice concerning the defendant's testimony while he is on the stand but also to prevent consultation on any other matter during that period. The instruction given by the trial judge in this case, by contrast, did not foreclose for even a short period of time attorney–client communication on subjects other than the defendant's testimony.[7] To this extent, the impact upon Sixth Amendment interests was less in this case than that which resulted from the practice sanctioned by the majority opinion in *Geders*. It thus follows, *a fortiori* from *Geders*, that petitioner's constitutional rights were not violated.

The conclusion which I reach is concededly inconsistent with the rationale of the Fourth Circuit Court of Appeals in *United States v. Allen*, 542 F.2d 630 (1976) and of the District of Columbia Court of Appeals in *Jackson v. United States*, 420 A.2d 102 (1979) (en banc). Even if the approach of

---

5. *Geders v. United States*, 425 U.S. 80, 86, 90–91, 96 S.Ct. 1330, 1334, 1336, 47 L.Ed.2d 592; *Anderson v. United States*, 367 F.2d 553, 554 (10th Cir. 1966) *cert. denied* 386 U.S. 1025, 87 S.Ct. 1385, 18 L.Ed.2d 467 (1966) (trial judge's ordering defendants to sit in jury box separate from counsel during a suppression hearing, was not an unreasonable deprivation of counsel where some attorney–client communication was allowed); *United States v. Mitchell*, 354 F.2d 767, 769 (2d Cir. 1966) (trial judge's granting defendant only five days to obtain counsel was not a deprivation of counsel where defendant had delayed his day of judgment by discharging prior counsel); *Krull v. United States*, 240 F.2d 122, 126 (5th Cir. 1957) *cert. denied* 353 U.S. 915, 77 S.Ct. 764, 1 L.Ed.2d 668 (1957) (fact that attorney/client consultation was not in private is not deprivation of right to counsel where no prejudice shown: "This right of an accused to consult his

attorney in private is not one without some limitations."); *Commonwealth v. Christman*, 432 Pa. 455, 247 A.2d 451, 454 (1968) (trial judge's order that defendant remain silent not a deprivation of assistance of counsel where necessary to keep order); *cf. Illinois v. Allen*, 397 U.S. 337, 343, 90 S.Ct. 1057, 1060, 25 L.Ed.2d 353 (1970).

6. *Id.*, 425 U.S. at 91, 96 S.Ct. at 1336.

7. For example, petitioner was not foreclosed from consulting with his attorney concerning trial strategy or new lines of inquiry made relevant to the day's testimony; and he was not foreclosed from the calming influence of an attorney on his client. *Geders*, 425 U.S. at 88, 96 S.Ct. at 1335, stresses the importance of such contacts.

those cases were followed here, however, it would not mean that petitioner is entitled to relief on the current record. I say this because I do not understand petitioner to have alleged or proved in the State Court or here that, but for the Court's instruction, he would have conferred with his attorney about his testimony during the evening recess of December 9th. While I agree with petitioner that this is an area in which a person deprived of the counsel of his lawyer should not be required to prove what that communication would have been and how it would have affected the trial,[8] it does not follow that the petitioner is entitled to relief in the absence of a showing that he was in fact deprived of advice he would otherwise have received.[9] It is one thing to say that a defendant who has been deprived of the guiding hand of counsel need not demonstrate the prejudicial effect of that deprivation; it is quite another to say that he need not show that the challenged order deprived him of counsel he would otherwise have received.

The point is one of substance in this case. When either the defendant or his counsel desires to confer about the defendant's testimony during a recess, the normal reaction to a direction that they not do so would be an objection or protest of some kind. Indeed, most courts in habeas corpus proceedings look for a contemporaneous objection on the record as evidence that a deprivation of counsel has occurred.[10] In this instance, however, there was no contemporaneous objection and the point was not raised until three years later after new counsel entered the case. While these facts are not necessarily inconsistent with the thesis that petitioner and his counsel would have conferred about his testimony in the absence of the

order, they do suggest that the fact of a deprivation of counsel should not merely be assumed.[11]

The motion for a writ of habeas corpus will be denied.

---

**8.** *Geders v. United States, supra; United States v. Venuto,* 182 F.2d 519 (3d Cir. 1950).

**9.** *United States v. Crutcher,* 405 F.2d 239, 245 (2d Cir. 1968); *United States v. Leighton,* 386 F.2d 822, 823 (2d Cir. 1967), *cert. denied* 390 U.S. 1025, 88 S.Ct. 1412, 20 L.Ed.2d 282 (1967).

**10.** *United States v. Allen,* 542 F.2d at 634; *United States v. Crutcher,* 405 F.2d at 245; *United States v. Leighton,* 386 F.2d at 823. *See*

*also Holloway,* 435 U.S. at 489, 98 S.Ct. at 1181.

**11.** Even if I were disposed to invalidate the practice challenged in this case, a serious question would remain as to whether the ruling would be applied retroactively to a case which was tried even before the Supreme Court's decision in *Geders. See United States v. Horger,* 547 F.2d 1204 (4th Cir. 1977); *United States v. Allen, supra.*