John H. BAILEY, Appellant,

v.

Walter REDMAN, Warden, Delaware Correctional Center, and Richard R. Wier, Attorney General of the State of Delaware, Appellees.

No. 81–1156.

United States Court of Appeals, Third Circuit.

Argued April 24, 1981.

Decided Aug. 6, 1981.

Walter S. Rowland, Wilmington, Del. (argued), for appellant.

* Honorable H. Curtis Meanor, United States District Judge for the District of New Jersey, sitting by designation.

John A. Parkins, Jr., Deputy Atty. Gen., Wilmington, Del. (argued), for appellees.

Before HUNTER and SLOVITER, Circuit Judges, and MEANOR,* District Judge.

## OPINION OF THE COURT
### PER CURIAM:

In December, 1975, the appellant, John H. Bailey, was tried and convicted in a Delaware Superior Court for manslaughter. During his trial, the trial judge instructed the appellant not to discuss his testimony with anybody before the trial resumed the next day. Bailey now challenges that instruction as a denial of his sixth amendment right to counsel. Because we find that the appellant failed to demonstrate that he was deprived of his right to consult with counsel, we will affirm the district court's judgment and deny Bailey's petition for a writ of habeas corpus.

The facts of this case were set forth accurately and succinctly by the district court in its opinion, *Bailey v. Redman*, 502 F.Supp. 313 (D.Del.1980):

John H. Bailey ... was indicted by the Grand Jury of New Castle County for the crimes of murder in the first degree and possession of a deadly weapon during the commission of a felony. On December 9, 1975, during the third week of his four week trial, petitioner took the stand in his own defense. His direct examination commenced at 10:00 A.M. and continued until the luncheon recess. The trial resumed at 2:00 P.M. and petitioner's direct testimony lasted until mid-afternoon. Cross-examination was not completed by the end of the day and the Court, before recessing, issued the following order to the petitioner:

*The Court: ... Mr. Bailey, during the evening recess, I caution you and instruct you that you are not to discuss your testimony with anybody until you have completed your testimony in this case. Do you understand?*

The Witness: (Witness nodded affirmatively)

This instruction was neither questioned nor objected to by Bailey's counsel. The Court then recessed from 5:15 P.M. on December 9, 1975 to 10:00 A.M. on the following day, a total of seventeen hours. Petitioner, who was in custody during the trial period, was returned to the Delaware Correctional Center in Smyrna, Delaware for the night. During this seventeen hour recess, the petitioner did not consult with counsel.

The state's cross-examination continued on December 10, 1975. During the morning session petitioner's counsel interposed objections to the scope and repetitive character of the state's cross-examination, but neither questioned the propriety of the previous afternoon's instructions nor asked for permission to consult with his client. Cross-examination was completed later that morning.

Defendant was sentenced on February 5, 1976 to imprisonment for thirty years for the manslaughter and ten years for the felony-weapon offense, with the sentences to run consecutively.

*Id.* at 313–14.

Bailey appealed his conviction through the state courts.[1] He did not raise the issue that is now before us, however, until he sought post-conviction relief before the trial court.[2] The trial court denied appellant's application for post-conviction relief and the Delaware Supreme Court affirmed that decision on July 17, 1980. *Bailey v. State*, 422 A.2d 956 (Del.Supr.1980).

Following his state appeals, appellant petitioned the District Court of Delaware for a writ of habeas corpus. 28 U.S.C. § 2254 (1976). He alleged that under *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) and *United States v. Venuto*, 182 F.2d 519 (3d Cir. 1950), the trial court's instruction constituted a *per se* "deprivation" of his sixth amendment right to counsel.

The district court denied appellant's petition. It held that while the trial court's instruction may have been improper, appellant failed to show that it had actually interfered with his right to consult with counsel.[3] Without a showing that appellant had wanted to meet with counsel but was hampered from doing so by the trial court's order, the district court refused to hold that appellant's sixth amendment rights had been violated.

■ We will affirm the district court's judgment. While we acknowledge that the Supreme Court held in *Geders* that a defendant may not be prohibited from consulting with his attorney during an overnight recess, and this court held in *Venuto* that a defendant need not demonstrate the exact *prejudice* produced by such an injunction, our holding in the instant case is not inconsistent with these decisions. In both *Geders* and *Venuto* there was an indication that absent the court's instruction, the de-

---

1. Immediately following his conviction, appellant filed a motion for a new trial. That motion was denied on Jan. 27, 1976. *State v. Bailey*, 352 A.2d 415 (Del.Super.1976). Bailey then appealed to the Delaware Supreme Court, which affirmed the conviction on Aug. 11, 1976. *Bailey v. State*, 363 A.2d 312 (Del.Supr. 1976). The United States Supreme Court subsequently denied appellant's petition for a writ of certiorari. *Bailey v. Delaware*, 429 U.S. 1072, 97 S.Ct. 809, 50 L.Ed.2d 790 (1977).

2. Appellant's claim that he had been denied his right to counsel was raised for the first time on January 17, 1979, nearly three years after his conviction. In the interim, the Supreme Court decided *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), which provides the foundation for appellant's petition for a writ of habeas corpus.

3. This was an alternate holding by the district court. The court below also held that *Geders* was inapplicable because the restriction on Bailey's right to consult with counsel did not foreclose his right to discuss subjects other than his trial testimony. *Bailey*, 502 F.Supp. at 315. While we note, as did the district court, that some courts have extended the *Geders* rule to cover restrictions on a defendant's right to discuss *any* subject with counsel, *id.*, we do not rule on this issue because of our finding that appellant was not actually "deprived" of any rights to consult with counsel.

fendant would have met with his counsel.[4] In the instant case appellant has made no such showing. He did not question or object to the court's instruction nor has he presented evidence to corroborate his assertion that he failed to do so because of the "chilling" effect of the court's admonition.[5] *See Jackson v. United States*, 420 A.2d 1202, 1205 n.7 (D.C.App.1979). Accordingly, we find no evidence that appellant was *deprived* of a right that he sought to exercise.

 Our holding in the instant case is based not on appellant's failure to prove the exact "prejudice" caused by his inability to meet with counsel; rather, it is based on his failure to demonstrate that he was actually "deprived" of his right to consult with his attorney. We concur with the district court that

> [while it] is one thing to say that a defendant who has been deprived of the guiding hand of counsel need not demonstrate the prejudicial effect of that deprivation; it is quite another to say that he need not show that the challenged order deprived him of counsel he would otherwise have received.

*Bailey*, 502 F.Supp. at 316. "Prejudice" is the effect that restricting communication may have on a defendant's trial; that is, how, if at all, the defendant's trial strategy was affected by the depriva-

tion of his right to consult with counsel. We do not require a defendant to demonstrate the "prejudice" to his case because we do not want to infringe on the confidentiality of attorney-client communications. *See Venuto*, 182 F.2d at 522. However, a defendant need not disclose confidential information in order to prove that he has been "deprived" of an opportunity to meet with counsel. To show a "deprivation" of his sixth amendment rights, a defendant must merely demonstrate that he wanted to meet with counsel, but was prevented from doing so by the court's instruction.[6]

 The distinction between the "deprivation" of a right and the "prejudice" that may result therefrom is not a new one. In *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), the Supreme Court held that the mere possibility that a defendant's attorney may have a conflict of interest is insufficient to demonstrate a deprivation of the defendant's sixth amendment rights. Only an *actual* conflict of interest would establish such a violation. The Court carefully noted that its requirement that a defendant show an actual conflict does not constitute a requirement that the defendant demonstrate prejudice. *Id.* at 349–50, 100 S.Ct. at 1718–1719. A showing that one has been "deprived" of his right to effective counsel is a predicate to relief; a showing of "prejudice" is not.[7]

---

4. The defendants' attorneys in both of these cases argued vigorously at the time of the imposition of the restriction that the trial court's instruction was improper and violated their clients' rights to consult with counsel. *Geders*, 425 U.S. at 82–85, 96 S.Ct. at 1332–1334; *Venuto*, 182 F.2d at 521. *See United States v. Bryant*, 545 F.2d 1035, 1036 (6th Cir. 1976); *Commonwealth v. Werner*, 206 Pa.Super. 498, 500, 214 A.2d 276, 277 (Super.Ct.1965). *But see Jackson v. United States*, 420 A.2d 1202, 1205 (D.C.App.1979) (improper instruction constitutes *per se* violation of sixth amendment rights).

5. The only indication that we were able to find to support appellant's assertion is an affidavit signed by the appellant almost five years after his conviction, and following the D.C. Court of Appeals decision in *Jackson*, 420 A.2d at 1205.

Bailey Affidavit of Nov. 24, 1980, Document # 26, District Court Record No. 78–277. After reviewing the record, we agree with the district court that there is insufficient evidence to prove that, at the time of trial, appellant was deterred from meeting with his counsel. *See Bailey*, 502 F.Supp. at 316.

6. *But see United States v. DiLapi*, 651 F.2d 140 (2d Cir., filed June 9, 1981) ("actual harm" required to show *Geders* violation).

7. *See also Aiello v. City of Wilmington*, 623 F.2d 845, 858–59 (3d Cir. 1980) (court declined to decide whether *Geders* rule applied to civil cases because it found that appellant had not demonstrated that he had in fact been deprived of his right to confer with counsel).

Accordingly, while the trial court's instruction may have been improper, we do not believe that it constituted a *per se* violation of his sixth amendment rights. We will, therefore, affirm the lower court's judgment.

MEANOR, District Judge, concurring:

I join all but paragraphs seven and eight of the per curiam opinion. I believe that they are superfluous and that there is no need to discuss, much less reject, the issue of prejudice in connection with an instruction that violates *Geders*. *See United States v. DiLapi*, 651 F.2d 140 (2d Cir. 1981). In this case it is clear that the instruction did not deprive appellant of a right he sought to exercise. There was no objection to the instruction and there is no showing that, during the overnight recess, appellant desired to consult with counsel or counsel desired to consult with him.

I also add that in this case we do not reach the question whether *Geders* is to be applied in post-conviction proceedings to instructions during trials that preceded that decision. The Fourth Circuit has held that *Geders* is not to be so applied. *United States v. Horger*, 547 F.2d 1204 (4th Cir.), *cert. denied*, 434 U.S. 840, 98 S.Ct. 135, 54 L.Ed.2d 104 (1977). In this Circuit any issues concerning the retroactive application of *Geders* will have to await resolution on another day.