SCHWARTZ, Chief Judge.
After a jury, on overwhelming, essentially undisputed evidence, and over a rather specious defense of insanity, found Wallace guilty of one count of first degree murder and four counts of attempted first degree murder and his convictions and consecutive life sentences were affirmed in Wallace v. State, 766 So.2d 364 (Fla. 3d DCA 2000), review denied, 786 So.2d 581 (Fla.2001), the defendant filed the present 3.850 motion for post conviction relief. The trial court, in an extensive opinion, denied the motion and we affirm.
Although Walked asserted numerous grounds, mostly related to alleged ineffective assistance of trial counsel, only one set of contentions deserves analysis and discussion. It is the claim, raised for the first time in the post-conviction motion, that a statement of the trial court that Wallace and counsel could not confer during a lunch recess taken while he was on the witness stand amounted to a deprivation of his sixth amendment right to counsel which, even in the admitted absence of any cognizable prejudice, constituted an irremediable defect in the trial requiring a new one. Essentially because neither the record of the trial[1] nor any other showing made by the defendant establishes or even intimates that either counsel or the defendant had any desire to consult during the critical time, so that his sixth amendment rights were not affected, much less diminished by the court’s observation, we disagree.
The defendant’s primary reliance is on the Supreme Court’s decision in Perry v. Leeke, 488 U.S. 272, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989), which indeed stated that a trial court’s unjustified interference with the right to confer with counsel dur *218 ing a constitutionally recognized period[2] during trial constituted a so called “structural defect” which required reversal even though no prejudice, stemming either from the contents of the forbidden consultation or the ultimate outcome of the trial had resulted. We are inclined to believe, moreover, unlike Perry, in which a fifteen minute recess during the course of the defendant’s examination was held not to reach constitutional dimensions, that the lunch recess in this case did so qualify. See Bova v. State, 410 So.2d 1343 (Fla.1982); Amos v. State, 618 So.2d 157 (Fla.1993). Neither of these conclusions however even comes into play in this case in the absence of any demonstration that anything that the trial court did affected anything, including the exercise of sixth amendment rights, that Wallace or his counsel did or wanted to do.
This court expressed just this holding in Recinos v. State, 420 So.2d 95 (Fla. 3d DCA 1982)(rehearing en banc), which involved the same circumstances and contentions:
[i]n this case, the erroneous statement of the law was not shown to have eonstitut-ed or led even to the sine qua non of any kind of error, harmless or otherwise: the existence of an allegedly adverse “ruling.” This is because ... there is no indication that counsel or Recinos had any desire further to speak to the other which was precluded by the court’s announcement. Under these circumstances, the remark in question was no more than an academically incorrect observation about the law. We know of no instance in which a statement, however textually erroneous, which has no causative impact on what actually happened or did not happen below, can justify a reversal. We ... believe that, in this context, the answer to Bishop Berkeley’s conundrum about the tree and the forest is that the court’s incorrect comment meant nothing.
Recinos, 420 So.2d at 98. Accord Stubbs v. Bordenkircher, 689 F.2d 1205, 1206-1207 (4th Cir.1982), cert. denied, 461 U.S. 907, 103 S.Ct. 1879, 76 L.Ed.2d 810 (1983) [3] ; Bailey v. Redman, 657 F.2d 21, 24 (3d Cir.1981)(affirming Bailey v. Redman, 502 F.Supp. 313 (D.Del.1980)), cert. denied, *219 454 U.S. 1153, 102 S.Ct. 1024, 71 L.Ed.2d 310 (1982)[4] see also People v. Stewart, 161 Ill.App.3d 99, 103, 112 Ill.Dec. 655, 514 N.E.2d 51, 54 (1987)(“[T]here is no suggestion in the record that defendant desired, attempted, or was prevented from contacting counsel by the authorities at the jail. Under these circumstances, defendant’s sixth amendment claim must fail because there is no showing defendant was deprived of his right to the assistance of counsel.”), appeal denied, 118 Ill.2d 550, 117 Ill.Dec. 230, 520 N.E.2d 391 (1988); Annot., 95 A.L.R. Fed. 601, 619 (1989).
Although these cases predate Perry, it is clear that the application of the principle they enunciate is unaffected by that decision. It is vitally important first to observe that in the Perry case itself, in direct contrast to the cited eases and to this one, the issue was directly raised by defense counsel who unsuccessfully moved for a mistrial on the ground that the court’s instruction erroneously interfered with his client’s rights. See Perry, 488 U.S. at 274, 109 S.Ct. at 596. That Perry does not affect eases in which the issue was not presented is conclusively demonstrated by several post Perry cases which squarely so hold. Thus, in State v. Baldridge, 857 S.W.2d 243 (Mo.App. W.D.1993) the court said:
Defendant argues that she was denied her right to assistance of counsel when the trial court prohibited her consulting with her attorney during an overnight recess. After Defendant testified on direct examination, the following exchange transpired concerning ' Defendant’s cross-examination:
(Proceedings held at bench.)
THE COURT: What do you propose:
[prosecutor]: I think we have to finish in the morning because I am going to be awhile, and I think everybody is tired. I will take at least a half an hour.
THE COURT: If we took a break, we could go until later.
[prosecutor]: Judge, I am going to be a while. It is an awful important part of the case, and we have worked a long time today. I feel like we should wait and finish off first thing in the morning.
THE COURT: That means she can’t talk to you now.
[defense counsel]: That’s fine.
THE COURT: It will be just like I told Driskill. Is that what you want to do?
[prosecutor]: That’s fine.
THE COURT: Is that what you want to do?
[defense counsel]: Sure.
The trial judge then addressed Defendant, instructing her that she would not be able to talk to her attorney overnight, in response to which she stated, “Okay.”
Defendant argues that the trial court’s action in denying her contact with counsel for the sixteen hour overnight recess violated the principles set forth in the United States Supreme Court’s decision of Geders v. United States, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976). The Court in Geders held that a trial court’s order directing a defendant not to consult with his or her attorney during a regular overnight recess deprived the Defendant of the constitutionally protected right to assistance of counsel in violation of the sixth amendment to the United States Constitution. Id. De *220 fendant properly cites the holding contained in Geders, but that case is distinguishable from the instant case. In Geders, the Defendant’s counsel forcefully resisted the trial court’s action of prohibiting contact with his client, making several objections to the ruling. The trial court overruled the objections, disregarding counsel’s evident desire to consult with his client during the recess. Id. at 83 n. 1, 96 S.Ct. at 1333 n. 1. Thus, in Geders there was an indication that absent the court’s instruction, Defendant would have met with his counsel.
In the instant ease, counsel failed to make any objection to the denial of contact, and in fact he orally acceded to the trial court’s action. Defendant has failed to present any evidence which demonstrates that she would have met with counsel absent the ruling. Defendant correctly points out that she is not required to demonstrate prejudice to prevail on this point. See Perry v. Leeke, 488 U.S. 272, 109 S.Ct. 594, 102 L.Ed.2d 624 (1989). However, she is required to demonstrate that she was deprived her right to consult with her attorney, which she has failed to do in this case. See Bailey v. Redman, 657 F.2d 21, 24 (3d Cir.1981), cert. denied, 454 U.S. 1153, 102 S.Ct. 1024, 71 L.Ed.2d 310 (1982)(court found no deprivation of right to counsel where Defendant was barred from discussing ongoing testimony with anyone overnight because no objection was made and there was no showing that Defendant would have conferred with counsel but for the order).
Baldridge, 857 S.W.2d at 252; accord Commonwealth v. Glashauser, 8 Pa. D. & C. 4th 325, 336-337 (Pa.Com.Pl.1990)(“Es-sentially [Commonwealth v.] Scoleri [432 Pa. 571, 248 A.2d 295 (1968)] and Redman support the view that there can be no violation of the right to counsel where the record fails to demonstrate an actual deprivation .... Defense counsel takes the position that prejudice is to be assumed solely from the fact that the instruction was given. It is obvious that such an absolute position is not in keeping with current legal thought as set forth in Perry and Bailey. ... Where a trial court instructs a defendant not to discuss his testimony with anyone during an overnight recess, and such instruction is not objected to, nor is there any indication that counsel wanted to speak to the defendant, there can be no impermissible infringement on the right to counsel.”); see also Haney v. State, 603 So.2d 368, 378 (Ala.Crim.App.1991)(no sixth amendment deprivation occurred when counsel was incarcerated for contempt during overnight break in defendant’s testimony, “No objections were made to the proceedings and at no time, after the trial resumed, did either defense counsel or appellant suggest to the trial court that they had wished to confer during the overnight recess or make it known that counsel was prevented because of incarceration from performing any defense function. This issue is raised for the first time on appeal.... In order for appellant to prevail on this issue, she must demonstrate that the action of the trial court deprived her of a constitutional right which she sought to exercise. See Stubbs v. Bordenkircher, 689 F.2d 1205 (4th Cir.1982), cert. denied, 461 U.S. 907, 103 S.Ct. 1879, 76 L.Ed.2d 810 (1983). However, there is no evidence that she made any attempt to confer with incarcerated counsel or had any desire to do so. There is also no evidence that the incarceration of counsel interfered, in any manner, with the conduct of the defense or prevented counsel from performing any act in reference to the defense that he desired to perform.”), aff d sub. nom. Ex parte Haney, *221 603 So.2d 412 (Ala.1992).[5] We adopt the succinct concluding expression of the Alabama court that because there is “no evidence that appellant was deprived of a right that [he] sought to exercise,” 603 So.2d at 378, the appellant’s contention must be rejected.
Affirmed.

. The transcript of the trial reveals the following:
THE COURT: Okay. We are going to take a lunch break at this time, ladies and gentlemen. I’ll give you an hour and 15 minutes and ask you to please be back in the jury room at 1:10. Remember our cautionary instruction. Be back in the jury room at 1:10 and we'll take up the cross examination of the witness at that time so you are excused.
(Jury exits the courtroom).
The jury is outside the courtroom having been excused for lunch. We are going to take a recess until 1:10 and Mr. Wallace, I remind you again that you're still in the process of testifying, therefore, you are not to discuss with anyone including counsel anything that you have testified to or anything pertaining to your case. You understand that?
THE WITNESS: Yes sir.
THE COURT: All right. Then we will break for lunch until 1:10
THE COURT: We are still on the defendant, Jeffrey Wallace and we are on cross examination.
THE COURT: Please be seated everyone. Parties are present. Ready to bring in the jury?
[defense counsel] MS. DOCHERTY: Yes, Judge.
THE COURT: State.
[prosecutor] MR. MADRUGA: Yes, your Honor.
THE COURT: Okay, then please bring in the jury.
COURT DEPUTY: Jury is present, your Honor.
THE COURT: Thank you. Please be seated ladies and gentlemen.
At this particular time we are going to allow the state the opportunity to cross examine the witness.
[prosecutor] MR. MADRUGA: Thank you, your Honor.

. Such as an overnight recess. See Geders v. United State, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976).

. We think the district court properly concluded that any restriction upon a defendant’s access to his counsel during a recess, whether the recess be extended or brief, is constitutionally impermissible; and, further, that a petitioner such as Stubbs is not required to demonstrate prejudice. However, there is another factor to be considered in determining whether or not such a petitioner is entitled to habeas corpus relief, and that is whether the action of the trial judge did, in fact, deprive him of his right to counsel. In other words, we think it was incumbent upon the petitioner to show that he desired to consult with his attorney, and would have consulted with him but for the restriction placed upon him by the trial judge.
In Geders the record disclosed that counsel for the defendant had vigorously objected to the action of the court denying him access to his client during the recess. Here, on the other hand, there was no objection by either counsel or the petitioner to the trial court's admonition nor does the record disclose that either the attorney or the petitioner at any time requested permission for a consultation.
We agree with the Third Circuit that in order to obtain relief a petitioner must show a "deprivation” of his Sixth Amendment rights by demonstrating that he wanted to meet with his attorney but was prevented from doing so by the instruction of the trial judge. Since, in this case, Stubbs has not demonstrated such a "deprivation”, it was error to grant him relief. Accordingly, the order of the district court granting habeas corpus relief is reversed.

. ( [W]hile it) is one thing to say that a defendant who has been deprived of the guiding hand of counsel need not demonstrate the prejudicial effect of that deprivation; it is quite another to say that he need not show that the challenged order deprived him of counsel he would otherwise have received.
Quoting Bailey, 502 F.Supp. at 316.

. Myles v. State, 602 So.2d 1278 (Fla.1992), quashing Myles v. State, 582 So.2d 71 (Fla. 3d DCA 1991), upon which Wallace heavily relies, is not contrary to this holding. This is so because the trial judge’s ruling in that case directly and, as the Supreme Court held, improperly interfered with the contact between the defendant and his attorney during the examination of a vital witness against him. Both this court and the Supreme Court therefore considered the correctness of the ruling on its merits and only the Supreme Court dissent even considered the issue which we find decisive here.