**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David BRYANT and Lorraine Rita Alexander, Defendants-Appellants.**

**Nos. 76–1754, 76–1755.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 16, 1976.

Decided Dec. 2, 1976.

Rehearing Denied in No. 76–1754 Jan. 11, 1977.

David E. Long, Columbus, Ohio (Court-appointed CJA), for defendants-appellants.

William W. Milligan, U. S. Atty., Albert R. Ritcher, Columbus, Ohio, for plaintiff-appellee.

Before PECK, McCREE and LIVELY, Circuit Judges.

PER CURIAM.

David Bryant and Lorraine Rita Alexander were tried together and convicted by a jury of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (b) and possession of unregistered firearms in violation of 26 U.S.C. § 5861(d) and § 5871. Though identical questions for review were presented in the respective briefs, the court concludes that the issue upon which decision of this appeal depends affected the rights of the

appellant Lorraine Rita Alexander only. The court finds no reversible error in the proceedings insofar as they concern the appellant David Bryant.

Appellant Alexander chose to testify and the time for noon recess was reached during her direct testimony. The court recessed the trial from 12:30 p. m. till 1:30 p. m. and just prior to declaring the recess, *sua sponte* ordered that no one, including her counsel, would be permitted to talk with the defendant Alexander during the recess. Counsel for Alexander immediately objected and put in the record his reason for objecting—that the order "denies effective assistance of counsel, violates the Sixth Amendment right to the advice of counsel." No reason for the district court's order is apparent from an examination of the record. Alexander was not free on bail during the trial, and spent the recess in custody and without any contact with her trial counsel.

In *Geders v. United States,* 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), the Supreme Court of the United States held that a defendant was deprived of his Sixth Amendment right to assistance of counsel by a trial court's order which prevented him from consulting his counsel "about anything" during a 17-hour overnight recess in the trial. This occurred between direct and cross-examination. Though the Supreme Court specifically noted that it was not passing on an order preventing a defendant from consulting his attorney during a brief routine recess during a trial, 425 U.S. at 89, n. 2, 96 S.Ct. at 1336, we believe the *Geders* holding does apply to an hour-long luncheon recess when a party on trial would ordinarily be entitled to consult with his attorney. As the court pointed out in *Geders,* a defendant in a criminal trial often needs to consult with his attorney during trial about matters other than his own testimony. He is entitled to the advice of counsel throughout the trial, and in the present case counsel was not even permitted to explain to Alexander that the court had entered an order which made it impossible for them to confer during the noon recess.

In the absence of extraordinary circumstances, which do not appear in this record, it is an abuse of discretion and a violation of the right of a defendant to assistance of counsel for a trial court to direct that the defendant have no communication with his counsel during a criminal trial. As the Supreme Court said in *Powell v. Alabama,* 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932), "He requires the guiding hand of counsel at every step in the proceedings against him." The order forbidding consultation between the defendant Alexander and her attorney during the noon recess of her criminal trial deprived her of a right guaranteed by the Sixth Amendment to the United States Constitution.

The judgment of conviction of the appellant David Bryant is affirmed, and the judgment of conviction of the appellant Lorraine Rita Alexander is reversed and her case is remanded for a new trial.