**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert CONWAY, Defendant–Appellant.**

**No. 79–5483.**

United States Court of Appeals, Fifth Circuit. Unit B

Dec. 11, 1980.

Walter E. Gwinn, Miami, Fla., for defendant–appellant.

Ralph N. Person, Hans G. Tanzler, III, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff–appellee.

Before GEWIN, RONEY and FRANK M. JOHNSON, Jr., Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

Robert Conway was convicted of conspiracy to import cocaine into the United States in violation of 21 U.S.C.A. § 963. He appeals, urging four grounds of error. First, he contends the trial court committed reversible error by failing to rule on his motion for judgment of acquittal that he made at the close of the Government's case. Second, Conway argues the evidence is insufficient to support the verdict. Third, he urges that he was denied the effective assistance of counsel by the trial court's order forbidding him to discuss the case with his attorney during a lunch recess that interrupted the cross–examination of Conway. Last, Conway contends that the trial court committed reversible error by denying his motion for mistrial based upon the Government's allegedly improper and prejudicial remarks. We find no reversible error in Conway's first two contentions; however, the argument concerning the denial of effective assistance of counsel persuades us that reversal is in order. Accordingly, we do not decide Conway's fourth ground of error.

Defendant Conway moved for judgment of acquittal at the close of the

Government's case. The trial court deferred ruling on the motion, and this deferral was error. When a motion for judgment of acquittal is made at the close of the Government's case, it is error for the trial court to reserve its ruling. *E. g., Rhodes v. United States*, 631 F.2d 43 (5th Cir. 1980); *Montoya v. United States*, 402 F.2d 847 (5th Cir. 1968). But when the evidence is sufficient to sustain a guilty verdict at the time the prosecution rests, the error in failing to rule promptly on a defendant's initial motion for judgment of acquittal is harmless. *United States v. Cook*, 586 F.2d 572 (5th Cir. 1978). Recognizing that the deferral was error, the Government contends that it was harmless error since the evidence was sufficient to sustain a guilty verdict at the time the prosecution rested. We agree.

■ To determine whether the evidence is sufficient to support the guilty verdict, we must view the evidence in the light most favorable to the Government, *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and all credibility choices must be considered in support of the jury verdict, *United States v. Black*, 497 F.2d 1039 (5th Cir. 1974). In a conspiracy case the Government must prove beyond a reasonable doubt, by either direct or circumstantial evidence, that a conspiracy existed, that defendant knew it, and that defendant knowingly and voluntarily joined the conspiracy. *United States v. Harbin*, 601 F.2d 773 (5th Cir. 1979); *United States v. Malatesta*, 590 F.2d 1379 (5th Cir. 1979); *United States v. Littrell*, 574 F.2d 828 (5th Cir. 1978). Direct proof of a formal agreement is not necessary to establish a conspiracy; rather, the existence of a conspiracy may be proved by inference from the actions of the actors or by circumstantial evidence of a scheme. *E. g., United States v. Houde*, 596 F.2d 696, 702 (5th Cir. 1979); *United States v. Jacobs*, 451 F.2d 530, 535 (5th Cir. 1971), *cert. denied*, 405 U.S. 955, 92 S.Ct. 1170, 31 L.Ed.2d 231, (1972).

■ In its case–in–chief the Government presented evidence that a conspiracy existed, that defendant Conway was introduced to government undercover agents as being "here to do the coke thing," that Conway then questioned the agents about previous flying experience, that Conway showed a government agent the air strip to be used in bringing the cocaine into the country, and that Conway cautioned the agent about the dangers of "doing business" in Miami, referring especially to those dangers faced by an undercover agent working in the drug field. We have carefully examined this evidence as well as the other evidence offered in the Government's case–in–chief, and we conclude that the evidence and the inferences reasonably drawn therefrom amply support the verdict.

■ Conway next argues that he was denied the effective assistance of counsel when the trial court ordered him not to discuss the case with his attorney during a lunch break that interrupted the cross–examination of Conway.[1] We agree.

The constitutionality of a sequestration order that spanned a greater length of time was before the Supreme Court in *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), *rev'g United States v. Fink*, 502 F.2d 1 (5th Cir. 1974). In *Geders* the Court held that a criminal defendant's Sixth Amendment right to counsel was denied by a district court order barring consultation between the defendant and his attorney during an overnight recess that fell between the direct examination and the cross–examination of the defendant. The Court, however, expressly noted that it was not considering an order that merely barred a defendant from consulting his attorney during a brief routine recess during the trial day. *Geders, supra*, 425 U.S. at 89 n. 2, 96 S.Ct. at 1336 n. 2. Nevertheless, a number of Circuits have either adopted or expressed approval of the extension of *Geders* to short, mid–day recesses. *United States v. Bryant*, 545 F.2d 1035 (6th Cir. 1976)

---

1. The trial judge explained that it was his policy to forbid any witness who is on the stand from discussing the case with anyone. Our opinion today does not address the consequences of such a policy as applied to nonparty witnesses.

(holding an order directing defendant not to converse with anyone during an hour lunch break violative of the Sixth Amendment right to counsel); *United States v. Allen*, 542 F.2d 630 (4th Cir. 1976), *cert. denied*, 430 U.S. 908, 97 S.Ct. 1179, 51 L.Ed.2d 584 (1977) (holding that a restriction on a defendant's right to consult with his attorney during two brief routine recesses, one 20 minutes and the other "a minute", is constitutionally impermissible); *see United States v. Vesaas*, 586 F.2d 101, 102 n. 2 (8th Cir. 1978) (dicta that the court has "grave doubts that even a brief restriction on a criminal defendant's right to confer with counsel can be squared with the Sixth Amendment").

While this is the first time this Court has been confronted with the possible extension of *Geders* to short, mid–day recesses in criminal cases, it is not the first time that we have been asked to extend *Geders*. In *Potashnick v. Port City Construction Co.*, 609 F.2d 1101 (5th Cir. 1980), a panel of the Fifth Circuit held that a district court's order barring a litigant from talking with his attorney for a period of seven days during a civil trial infringed upon the litigant's constitutional right to retain counsel. The *Potashnick* court recognized that the constitutional right to counsel granted a criminal defendant was different from that right granted a civil litigant, but found the distinction irrelevant under the facts at issue. Reasoning that civil litigants usually lack the skill to adequately prepare cases and therefore due process requires that they be allowed to secure the assistance of counsel, *see Goldberg v. Kelly*, 397 U.S. 254, 270, 90 S.Ct. 1011, 1021, 25 L.Ed.2d 287 (1970); *Powell v. Alabama*, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932); *Roberts v. Anderson*, 66 F.2d 874 (10th Cir. 1933), the court concluded that in civil as well as criminal cases "the right to counsel is one of constitutional dimensions and should thus be freely exercised without impingement." *Potashnick, supra*, 609 F.2d at 1118.

The basis of the *Geders* decision, and likewise the basis of this decision, is the Sixth Amendment, which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the assistance of Counsel for his defence." U.S. Const. amend. VI. The importance of the Sixth Amendment right to counsel is well recognized. *Geders, supra*, 425 U.S. at 88–89, 96 S.Ct. at 1335; *Argersinger v. Hamlin*, 407 U.S. 25, 31–36, 92 S.Ct. 2006, 2009–2012, 32 L.Ed.2d 530 (1972); *Gideon v. Wainwright*, 372 U.S. 335, 343–45, 83 S.Ct. 792, 796–97, 9 L.Ed.2d 799 (1963); *Powell, supra*, 287 U.S. at 68–69, 53 S.Ct. at 63–64 (1932). It cannot be disputed that "[t]he right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel.... [A defendant] requires the guiding hand of counsel at every step in the proceedings against him." *Powell, supra*, 287 U.S. at 68–69, 53 S.Ct. at 63–64.

■ Like all constitutional guarantees, the right to counsel is more than an illusory promise; it is a right to the effective assistance of counsel. *See, e. g., Gaines v. Hopper*, 575 F.2d 1147 (5th Cir. 1978) (failure of a court–appointed attorney to investigate the defendant's case deprived defendant effective assistance of counsel); *MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960), *modified*, 289 F.2d 928, *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961) (failure of a court–appointed attorney to, *inter alia*, interrogate witnesses, and assure presence of witnesses at trial deprived defendant effective assistance of counsel). To prevent the possibility that counsel would improperly influence his client and thus taint his testimony, the trial court in this case erected a barrier to the effective right to counsel. We note that attorneys are duty bound not to engage in the type activity feared by the trial court. *See generally* American Bar Association Code of Professional Responsibility (1975). We further observe that, if in a specific case a judge anticipates that counsel will attempt to improperly influence a party–witness, steps can be taken to alleviate the potential for harm. *See Geders, supra*, 425 U.S. at 89–90, 96 S.Ct. at 1335–1336. However, to the extent that the goal of preventing potential improper coaching conflicts with a defendant's right to freely consult with counsel,

we agree with the *Geders* Court that "the conflict must, under the Sixth Amendment, be resolved in favor of the right to the assistance and guidance of counsel." *Geders, supra,* 425 U.S. at 91, 96 S.Ct. at 1336. Accordingly, we hold that depriving a criminal defendant of the right to consult with counsel during court recesses–regardless of how brief the recesses may be–violates the constitutional right to effective assistance of counsel.

Because the lower decision must be reversed on the above ground, we do not decide the issue concerning allegedly improper remarks made by the prosecutor in closing arguments. We note, however, that defendant has not urged, nor would the record support, the argument that the Government's remarks were made in bad faith in order to "goad [defendant] into requesting a mistrial," *United States v. Dinitz,* 424 U.S. 600, 611, 96 S.Ct. 1075, 1081, 47 L.Ed.2d 267 (1976), and thus should bar a second trial on double jeopardy grounds. *See, e. g., United States v. Davis,* 589 F.2d 904 (5th Cir. 1979); *United States v. Bobo,* 586 F.2d 355, 363–64 (5th Cir. 1978).

The judgment is REVERSED and the cause is REMANDED for further proceedings in accordance with this opinion.