**Paul D. STUBBS, Appellee,**

v.

**Donald E. BORDENKIRCHER, Warden, West Virginia State Penitentiary, Appellant.**

**No. 82–6175.**

United States Court of Appeals, Fourth Circuit.

Argued Aug. 30, 1982.

Decided Sept. 30, 1982.

Silas B. Taylor, Asst. Atty. Gen., Charleston, W. Va., (Chauncey H. Browning, Jr., Atty. Gen., Charleston, W. Va., on brief), for appellant.

David A. Jividen (Paul D. Stubbs on brief), for appellee.

Before BUTZNER, Circuit Judge, FIELD, Senior Circuit Judge, and MURNAGHAN, Circuit Judge.

FIELD, Senior Circuit Judge:

The Warden of the West Virginia State Penitentiary has appealed from a final order of the district court for the Northern District of West Virginia granting habeas corpus relief to Paul Stubbs, a state prisoner.

In March, 1980, the petitioner was tried and convicted of second degree murder in the Circuit Court of Ohio County, West Virginia. On the second day of the trial, Stubbs took the stand, and after some 38 minutes of direct testimony, the following discussion took place:

"MR. ALEXANDER: At this time, Your Honor, could we have a short recess?

"MR. BORDAS: I would not object to a recess providing that the witness is instructed not to discuss the case at this point with his attorneys.

"THE COURT: I think we should recess for lunch anyway. Do you have much more to go with this witness?

"MR. ALEXANDER: Yes, I do, Your Honor.

"THE COURT: We'll recess for lunch until one o'clock. Mr. Stubbs, you're not to talk to anybody about your testimony during the lunch hour. The deputies will probably take you to lunch and bring you back. * * *"

Neither Stubbs nor his counsel objected to this admonishment of the Court, and after lunch neither suggested that they had wished to confer during the recess. The trial resumed without any reference to this incident, and at no other recess during its course was there any similar admonition.

Stubbs appealed his conviction to the West Virginia Supreme Court of Appeals, but did not assign the subject admonishment as error. The appeal was summarily denied without comment, and thereafter Stubbs sought habeas corpus relief from the Supreme Court of Appeals, invoking its original jurisdiction, and for the first time alleged as one of his grounds for relief that he had been denied effective assistance of counsel as a result of the trial court's restriction. The West Virginia Court summarily denied his petition, again without comment.

Stubbs then filed his petition in the district court, incorporating by reference all grounds which he had alleged in his State habeas petition. In a memorandum order, the district court denied relief on all grounds except that which alleged ineffective assistance of counsel and ordered the State to file a supplemental response on this claim. The supplemental response included an affidavit of Stubbs' trial counsel that the restriction had no adverse impact on the defense, and requested an opportunity to present further evidence on the issue at such time and place as the Court might direct. Stubbs subsequently filed a counter-affidavit which contained a general statement that the restriction did have an adverse impact upon his defense. The district court did not resolve this factual issue nor did it request any additional evidence. Instead, based upon its reading of *Geders v. United States,* 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) and our opinion in *United States v. Allen,* 542 F.2d 630 (4 Cir. 1976) the Court concluded that the petitioner was entitled to relief.

In *Geders* the trial judge had ordered that during an overnight recess the defendant and his attorney should not consult on any subject. The Court held that this restriction impinged upon the defendant's right to the assistance of counsel and violated his rights under the Sixth Amendment. The Court, however, expressly noted that the question of whether a defendant's rights would be violated by such a restriction during a brief and routine recess of trial was not before it.[1]

Shortly after *Geders* was handed down we had occasion to consider the question which had been reserved in that case— whether a trial judge may sequester a defendant and prevent access to his attorney during routine short recesses in the course of a trial. Writing for the court in *Allen,* Judge Craven noted that the Sixth Amendment right to counsel "is so fundamental that there should never occur any interference with it for any length of time, however brief, absent some compelling reason." He indicated that in challenging such an interdiction a defendant should not be required to make a showing of prejudice. He went on to hold, however, that the new rule would apply only prospectively, noting that the defendant in *Allen* had not objected to the restriction, nor had there been any allegation or showing that he was prejudiced by the action of the trial judge.

We think the district court properly concluded that any restriction upon a defendant's access to his counsel during a recess, whether the recess be extended or brief, is constitutionally impermissible; and, further, that a petitioner such as Stubbs is not required to demonstrate prejudice. However, there is another factor to be con-

---

1. 425 U.S. at 89 n.2, 96 S.Ct. at 1336 n.2.

sidered in determining whether or not such a petitioner is entitled to habeas corpus relief, and that is whether the action of the trial judge did, in fact, deprive him of his right to counsel. In other words, we think it was incumbent upon the petitioner to show that he desired to consult with his attorney, and would have consulted with him but for the restriction placed upon him by the trial judge.

In *Geders* the record disclosed that counsel for the defendant had vigorously objected to the action of the court denying him access to his client during the recess. Here, on the other hand, there was no objection by either counsel or the petitioner to the trial court's admonition nor does the record disclose that either the attorney or the petitioner at any time requested permission for a consultation.

The record indicates that Stubbs was in precisely the same position as the petitioner in *Bailey v. Redman,* 657 F.2d 21 (3 Cir. 1981). In that case the Third Circuit held that a petitioner must demonstrate that the restriction of the trial court deprived him of a constitutional right which he sought to exercise. In its opinion the court agreed with the district judge that

> [while it] is one thing to say that a defendant who has been deprived of the guiding hand of counsel need not demonstrate the prejudicial effect of that deprivation; it is quite another to say that he need not show that the challenged order deprived him of counsel he would otherwise have received.

657 F.2d at 24.

We agree with the Third Circuit that in order to obtain relief a petitioner must show a "deprivation" of his Sixth Amendment rights by demonstrating that he wanted to meet with his attorney but was prevented from doing so by the instruction of the trial judge. Since, in this case, Stubbs has not demonstrated such a "deprivation", it was error to grant him relief. Accordingly, the order of the district court granting habeas corpus relief is reversed.

REVERSED.