## STATE OF CONNECTICUT *v.* JAMES R. MEBANE
(3811)

DUPONT, C. J., BORDEN and DALY, Js.

Argued March 13—decision released July 1, 1986

*William J. Schipul,* assistant public defender, with whom, on the brief, was *William Holden,* public defender, for the appellant (defendant).

*C. Robert Satti, Jr.,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

DUPONT, C. J. After a jury trial, the defendant was found guilty of one count of sale of a controlled substance, a violation of General Statutes (Rev. to 1981) § 19-480 (a), now § 21a-277 (a). From the judgment rendered following the verdict, he appeals, claiming that the trial court erred (1) in granting the state's motion to prevent the defendant from talking with his attorney, and (2) in its instruction to the jury on his interest in the outcome of the case.

Certain facts are pertinent to the defendant's first claim of error. The defendant chose to testify at trial. On the first day of his testimony, September 5, 1984, during his cross-examination by the state, the trial judge indicated that court was to be recessed. Just prior to the commencement of the recess, the state requested that the defendant be sequestered.[1]

The court reconvened approximately twenty-one minutes later, and the state resumed its cross-examination. After the defendant was questioned on redirect, recross and again on redirect examination, court was adjourned for the day. The defendant was recalled to the stand the next morning for further redirect and recross-examination.

---

[1] The following exchange took place:

"Mr. Satti [the assistant state's attorney]: Your Honor, prior to going out, can I get a sequestration order, which I had not asked for prior to this witness. I'd like to ask for a sequestration order.

"The Court: If there are any witnesses going to testify for the defense, then that order is effective immediately. The request is granted.

"Mr. Satti: Can I request he not talk to his counsel since I'm in the middle of cross-examination?

"The Court: You want to sequester this witness?

"Mr. Schipul [the defense counsel]: Your Honor, I would strongly object to that request inasmuch as Mr. Satti has always had the opportunity to talk to his witness at any time.

"The Court: This issue was never raised by you, Mr. Schipul. It's been raised by Mr. Satti. I'll grant that request, and the witness is to be sequestered.

"Mr. Schipul: I'll take an exception.

"The Court: Exception. The Court is in recess."

The defendant argues that the granting of the motion to sequester denied him his constitutional right to effective assistance of counsel guaranteed by the sixth and fourteenth amendments to the United States constitution and by article first, § 8, of the Connecticut constitution. The state concedes that the trial court erred in granting the request and that the error was one of constitutional magnitude. It argues, however, that the error was harmless. The question before us, therefore, is whether this error requires reversal.

We note preliminarily that the defendant does not allege that he was denied effective assistance of counsel by virtue of his attorney's conduct, but rather that the sequestration order impermissibly interfered with his right to effective assistance of counsel. Governmental interference with this right is that which interferes "in certain ways with the ability of counsel to make independent decisions about how to conduct the defense." *Strickland* v. *Washington,* 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674, reh. denied, 467 U.S. 1267, 104 S. Ct. 3562, 82 L. Ed. 2d 864 (1984). Cases which have addressed the issue of governmental interference with the right to effective assistance of counsel include *Geders* v. *United States,* 425 U.S. 80, 96 S. Ct. 1330, 47 L. Ed. 2d 592 (1976) (bar on attorney-client consultation during overnight recess); *Herring* v. *New York,* 422 U.S. 853, 95 S. Ct. 2550, 45 L. Ed. 2d 593 (1975) (bar on summation at bench trial); *Brooks* v. *Tennessee,* 406 U.S. 605, 612–13, 92 S. Ct. 1891, 32 L. Ed. 2d 358 (1972) (requirement that defendant be first defense witness); *Ferguson* v. *Georgia,* 365 U.S. 570, 593–96, 81 S. Ct. 756, 5 L. Ed. 2d 783 (1961) (bar on direct examination of defendant).

In *Geders* v. *United States,* supra, the United States Supreme Court held impermissible a sequestration order which prevented a criminal defendant from communicating with counsel during a seventeen hour over-

night recess. It held that a trial judge's broad power to control the progress and shape of a trial did not include the power to prohibit consultation between a criminal defendant and his attorney for so long a period. It reached this result without requiring the defendant to make a preliminary showing of prejudice as a result of that order. *Geders* therefore holds that a sequestration order permitting an overnight hiatus in communication between a lawyer and his client in a criminal case is impermissible per se, and requires automatic reversal. The court, however, expressly limited its holding to embargoes on attorney-client communication of overnight duration, as opposed to those of significantly shorter duration, such as brief routine recesses in the trial day. Id., 89 n.2.

The defendant argues that, as a result of the court's ruling, he was barred from communicating with counsel not only during the recess on September 5, 1984, but also during the overnight recess between September 5 and September 6, 1984. Although the trial court did not expressly limit the duration of its order, there is no indication that the court intended it to last beyond the end of the defendant's cross-examination on September 5, 1984. The state specifically requested the prohibition because it was in the middle of cross-examining the defendant. After the twenty-one minute recess, the state concluded its cross-examination. The state's request was clearly tied to its ongoing cross-examination, and the order logically terminated upon the conclusion of that cross-examination. If the defendant had desired clarification of the duration of the order, he could have sought it, but did not. We therefore treat the ruling as extending only to the twenty-one minute recess on September 5, 1984.

Some federal circuit courts adopted or expressed approval of extending *Geders* to brief recesses held during the course of trial. See, e.g., *United States* v.

*Conway,* 632 F.2d 641 (5th Cir. 1980)[2]; *United States* v. *Vesaas,* 586 F.2d 101, 102 n.2 (8th Cir. 1978); *United States* v. *Bryant,* 545 F.2d 1035 (6th Cir. 1976). These courts typically reasoned that the conflict betweeen the goal of preventing counsel from improperly influencing a client during a recess and thus tainting that client's subsequent testimony, and a defendant's right to consult freely with counsel, must be resolved in favor of the latter regardless of how brief the recess may be. *United States* v. *Conway,* supra, 644–45. The defendant urges us to follow the lead of those federal circuit courts which have thus extracted from *Geders* a per se rule of automatic reversal for any prohibition on attorney-client communication during trial, no matter how short in duration. We instead follow the reasoning of other federal circuit courts.

The rule of per se reversal is viable "only if the likelihood of prejudice is so great that a case-by-case inquiry would not be worth its cost. We simply do not believe that this is so in the case of routine recesses during the course of a day at trial. If the recess were very brief, for example, a matter of minutes, then prejudice to the defendant would seem highly unlikely. As the length of the recess increases, of course, so does the probability of prejudice. Nonetheless, denial of access during any recess of the type likely to arise in the course of a day at trial does not seem sufficiently likely to justify a rule of per se reversal." *Crutchfield* v. *Wainwright,* 772 F.2d 839, 842, vacated, 779 F.2d 1466 (11th Cir. 1985).[3]

Having interpreted the court's order as extending to the twenty-one minute recess only and having rejected the application of the rule of per se reversal

---

[2] This case was decided by a panel of the former Fifth Circuit, now the Eleventh Circuit.

[3] Although the opinion was vacated, the court ordered a rehearing en banc. The decision after rehearing has not yet been released.

to such a brief recess, we must determine whether the concededly erroneous ruling was harmful. The courts which have deemed violations of the *Geders* principle to be harmless have articulated different criteria in determining the significance of the error. "The Second Circuit, for example, has held that a trial court's admonition to a defendant witness forbidding him to confer with his attorney during a five-minute recess was not reversible error where there was 'not even a remote risk of actual prejudice.' *United States* v. *DiLapi,* 651 F.2d 140, 148 (2d Cir. 1981), cert. denied, 455 U.S. 938, 102 S. Ct. 1428, 71 L. Ed. 2d 648 (1982). The court noted that counsel's objection to the prohibition included no mention of any matter requiring consultation, and that the defendant did not request consultation." *United States* v. *Romano,* 736 F.2d 1432, 1437–38 (11th Cir. 1984), modified, 755 F.2d 1401 (1985).

"The Third and Fourth Circuits have formulated a test for determining whether a *Geders* violation constitutes reversible error. In *Bailey* v. *Redman,* 657 F.2d 21, 24 (3d Cir. 1981), cert. denied, 454 U.S. 1153, 102 S. Ct. 1024, 71 L. Ed. 2d 310 (1982), and *Stubbs* v. *Bordenkircher,* [689 F.2d 1205, 1207 (4th Cir. 1982), cert. denied, 461 U.S. 907, 103 S. Ct. 1879, 76 L. Ed. 2d 810 (1983)], these circuits held that sequestration orders imposed upon criminal defendant witnesses were error, but affirmed the convictions nonetheless on grounds that the petitioners had failed to show that they actually desired to meet with their respective attorneys, but were prevented from doing so by the instructions of the trial judges." *United States* v. *Romano,* supra, 1438.

The Eleventh Circuit has analogized cases involving the denial of access to counsel during recesses of less than overnight duration "to cases where a clear constitutional violation exists, as, for example, in the case

of improperly admitted evidence that has been obtained in violation of the Fourth Amendment. In those cases, the prosecution is given the burden of showing that an error is harmless beyond a reasonable doubt. See *Chapman* v. *California,* 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 [reh. denied, 386 U.S. 987, 87 S. Ct. 1283, 18 L. Ed. 2d 241] (1967)." *Crutchfield* v. *Wainwright,* supra, 843.

The state argues that the test enunciated in *Bailey* v. *Redman,* supra, should apply; in other words, that the defendant must show that in the absence of the sequestration order, he would have consulted with his lawyer. The defendant argues that the state should carry the burden of proof and be required to show that the error was harmless beyond a reasonable doubt.

We hold that the test set forth in *Crutchfield* v. *Wainwright,* supra, and *Chapman* v. *California,* supra, is the appropriate one and that the burden should rest on the state. This is consistent with the weight of authority which has placed upon the prosecution the burden of proving harmless error in cases where the error is of constitutional dimension. "The United States Supreme Court has recognized that certain constitutional protections are so central to the requirement of a fair trial that their violation absolutely requires that the conviction from which they arose be set aside. *Chapman* v. *California,* [supra, 23]. In some circumstances, however, violations of other, less basic constitutional rights may be considered harmless and therefore do not compel reversal. Id., 23–24. 'If error touches a less basic constitutional right, we sometimes apply the "harmless error" exception, but only sparingly, in a few, discrete circumstances. *State* v. *Zeko,* 177 Conn. 545, 558, 418 A.2d 917 (1979). In such circumstances we require the state to prove the error harmless beyond a reasonable doubt.' " *State* v. *Cohane,* 193 Conn. 474, 484–85, 479 A.2d 763, cert. denied, 469 U.S. 990, 105

S. Ct. 397, 83 L. Ed. 2d 331 (1984); see *State* v. *Burrows,* 5 Conn. App. 556, 560, 500 A.2d 970 (1985).

In this case, the state has sustained its burden. The state points out that at no time after the ruling did the defendant ever complain about the order. After the trial, the defendant filed a motion for a new trial and a motion for a judgment of acquittal. In neither motion nor at oral argument thereon did he mention the sequestration order as a basis for the relief sought. The record does not show that the defendant would have consulted with his attorney in the absence of the order. "At no time during, before, or after the recess, did either [the defendant] or his attorney indicate that they did in fact have something to discuss which might have affected [the defendant's] testimony or course of action. [His] attorney did object to the judge's ruling, but the objection appears to us an attempt to sow reversible error into the record, rather than an effort to indicate to the trial judge that the attorney and client had something to discuss. . . . We conclude that the government has established beyond a reasonable doubt that the appellant's right to the effective assistance of counsel was not impaired by the ruling of the trial court. See *Chapman* v. *State of California,* [supra]." *United States* v. *Leighton,* 386 F.2d 822, 823 (2d Cir. 1967), cert. denied, 390 U.S. 1025, 88 S. Ct. 1412, 20 L. Ed. 2d 282 (1968).

The restriction in this case placed by the trial court upon counsel's opportunity to consult with his client did not constitute a violation of the defendant's sixth amendment right to counsel. See *Morris* v. *Slappy,* 461 U.S. 1, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983).

There is no merit to the defendant's second claim that the trial court erred in instructing the jury that it could "consider the importance to [the defendant] of the outcome of this trial and his motive on that account for

not telling the truth." The defendant argues that this language unfairly singled his testimony out for adverse comment and was thus inconsistent with the presumption of innocence. The rule is well settled in our state that the court may advise the jury of the defendant's interest in the outcome of the trial when weighing the defendant's testimony. *State* v. *Wright,* 198 Conn. 273, 280, 502 A.2d 911 (1986). The trial court's instruction in this case went no further than that. See *State* v. *Mack,* 197 Conn. 629, 636–38, 500 A.2d 1303 (1985).

There is no error.

In this opinion the other judges concurred.