**Frank Vincent BOVA, Petitioner,**

v.

**Louie L. WAINWRIGHT, Respondent.**

**No. 85–6600–CIV.**

United States District Court,
S.D. Florida, N.D.

Oct. 16, 1987.

Robert T. Adams, Jr., Marianna, Fla., for petitioner.

Robert J. Jaegers, West Palm Beach, Fla., for respondent.

## FINAL ORDER

ZLOCH, District Judge.

THIS MATTER is before the Court upon the Report and Recommendation (DE 10) of the United States Magistrate Lurana S. Snow, dated November 26, 1986, and upon the Objections (DE 11) to said Report and Recommendation filed herein by the Respondent.

Petitioner herein filed a Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. Section 2254, challenging the constitutionality of his 1978 conviction of first degree murder. United States Magistrate Lurana S. Snow recommended that the Petition be granted on the basis of two of the grounds for relief raised by Petitioner: (1) that Petitioner was denied his Sixth Amendment right to counsel when the trial judge precluded him from consulting with his attorney during a short recess taken while the Petitioner was being cross-examined by the prosecutor; and (2) that Petitioner was denied his Fifth Amendment right to due process of law when the trial judge failed to instruct the jury on the lesser included offenses of second and third degree murder and manslaughter. Since the issue involving Petitioner's Sixth Amendment

rights is dispositive of whether Petitioner is entitled to a new trial, this Court does not reach the question of instruction on the lesser included offenses.

In the recent case of *Crutchfield v. Wainwright*, 803 F.2d 1103 (11th Cir.1986), *reh. den.* 810 F.2d 208, the Eleventh Circuit Court of Appeals joined several sister Circuits in announcing a *per se rule* for reviewing denial of assistance of counsel claims. In rejecting a harmless error analysis, the court asserted:

> We thus announce a rule that satisfies our concerns for the important constitutional right of assistance of counsel, provides for the orderly conduct of trials, and makes sense. The defendant must show that the prohibition actually prevented the opportunity to confer with counsel. (citations omitted). Once the defendant makes the requisite showing, a new trial is warranted.

*Id.* at 1110.

A review of the state trial record shows that counsel for the Petitioner desired to consult with his client during a recess and was precluded from doing so by the state trial judge. Pursuant to *Crutchfield*, the Petitioner herein has shown that an opportunity for him to confer with counsel during trial was prohibited by the state trial judge and, as such, the instant proceedings meet the test for implementation of the per se rule as announced in *Crutchfield* requiring reversal and remand.

This Court respectfully disagrees with the majority opinion set forth in *Crutchfield*, but is bound to follow the teachings and instructions of *Crutchfield*. This Court is constrained to address the per se rule set forth in *Crutchfield* and, in so doing, encourages the Eleventh Circuit Court of Appeals to revisit the *Crutchfield* decision and the harshness of the per se rule announced.

■ A defendant has no constitutional right to compel a break or recess in an ongoing trial proceeding to speak with his attorney. *United States v. Vasquez*, 732 F.2d 846 (11th Cir.1984). The case of *Geders v. United States*, 425 U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976) and its progeny establish that when a recess in a trial occurs, the Constitution is violated if the defendant, only under certain circumstances, is precluded from consulting with his lawyer. Certainly it cannot be said that these cases support the proposition that a defendant may compel a recess during his examination to consult with his lawyer after having taken the witness stand.

■ Pursuant to *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), a defendant is entitled to the assistance of counsel at all critical stages of the trial proceedings pursuant to the Sixth Amendment of the Constitution. However, it seems that unless a defendant can demonstrate prejudice by not having been permitted to talk with his lawyer during a "routine recess" taken by the trial judge during the proceedings on any particular day, then no Sixth Amendment violation has occurred. Not every recess taken during a trial day is a critical stage of the criminal proceeding. A jury trial is nothing more and nothing less than a search for the truth. Per se reversals tend to frustrate that search for the truth and absent prejudice to a defendant by not being permitted to talk to his lawyer during a brief recess, then a per se rule frustrates that search for the truth and adds even more to the social costs of crime being borne by society.

This Court fully appreciates the gravity of nullifying a conviction of this age. However, this Court is bound by precedent and to follow the teachings and instructions of the Eleventh Circuit Court of Appeals.

Accordingly, the Court being otherwise fully advised in the premises and after due consideration, it is

ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation of the United States Magistrate Lurana S. Snow (DE 10) be and the same is hereby affirmed, ratified and adopted by this Court;

2. The Objections (DE 11) filed herein by the Respondent be and the same are hereby overruled;

3. The Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. Section 2254 be and the same is hereby GRANTED; and

4. The state court conviction be and the same is hereby reversed and this cause is hereby remanded to the state court for a new trial to take place within one hundred and twenty (120) days from the date of this Order or Petitioner shall be discharged.