**Frank Vincent BOVA, Petitioner–Appellee,**

v.

**Richard L. DUGGER, Respondent–Appellant.**

No. 87–6000.

United States Court of Appeals, Eleventh Circuit.

Nov. 1, 1988.

Robert A. Butterworth, Atty. Gen., Robert Jaegers, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellant.

Robert T. Adams, Jr., Marianna, Fla., for petitioner-appellee.

Before TJOFLAT, VANCE and COX, Circuit Judges.

PER CURIAM:

Bova filed a petition for writ of habeas corpus challenging his conviction of murder in state court on the ground that the trial court's denial of his counsel's request to consult with his client during a brief recess deprived him of his Sixth Amendment right to assistance of counsel. The district court granted relief, ordering that Bova be retried or discharged. We affirm.

Bova was indicted for the first degree murder of Patrick Pucci. The fact that Bova killed Pucci by shooting him three times was undisputed at trial. It was also clear that Pucci was the "hit man" for a large drug ring, and that he had been implicated in several murders. The state's position at trial was that the killing was premeditated murder; Bova's position was that he shot Pucci in self defense.

On the morning of the seventh day of trial, Bova took the witness stand on his own behalf. The prosecutor conducted a lengthy and far-reaching cross-examination, part of which focused on a pretrial statement which Bova had made. After some rambling answers, Bova admitted that he was confused, and asked the trial judge for a ten-minute break. The trial judge immediately declared a fifteen-minute recess. Bova's attorney stated that he wanted to talk with him during the recess about his testimony. The trial court, over strong objection from Bova's counsel, ruled that Bova's counsel could not confer with him during the recess.

Bova was convicted and sentenced to life imprisonment with the requirement that he serve a minimum of 25 years before becoming eligible for parole.

The Fourth District Court of Appeal of Florida affirmed Bova's conviction, finding no Sixth Amendment violation. *Bova v. State,* 392 So.2d 950 (Fla. 4th DCA 1980). After accepting discretionary jurisdiction, the Supreme Court of Florida disapproved the holding of the Fourth District Court, but found the error to be harmless because "petitioner has shown no actual prejudice and we are satisfied beyond any reasonable doubt that the brief restraint on defense consultation did not contribute to the jury's finding petitioner guilty." *Bova v. State,* 410 So.2d 1343 (Fla.1982). In his federal habeas proceeding, the district court held that Bova's Sixth Amendment rights had been violated, and that the *per se* reversal rule articulated in *Crutchfield v. Wainwright,* 803 F.2d 1103 (11th Cir.1986) (en banc), *reh. den.* 810 F.2d 208, *cert. den., Crutchfield v. Dugger,* — U.S. —, 107 S.Ct. 3235, 97 L.Ed.2d 740 (1987), required that Bova be retried or discharged. 674 F.Supp. 834.

*Crutchfield* does not control the result in this case. A careful review of the *en banc* decision in *Crutchfield* reveals a unanimous court concurring in the judgment, but an even division among the twelve judges on the *per se* reversal issue. *Crutchfield,* therefore, lacks precedential value on the *per se* reversal issue. *TWA v. Hardison,* 432 U.S. 63, 73 n. 8, 97 S.Ct. 2264, 2271 n. 8, 53 L.Ed.2d 113 (1977). Instead, our decision today is controlled by *United States v. Conway,* 632 F.2d 641 (5th Cir.Unit B 1980).[1]

In *Conway,* the trial court had ordered that the defendant not discuss the case with his attorney during a lunch recess that interrupted the cross-examination of the defendant. The trial court's motives for the order were apparently similar to the motives of the trial judge in this case. The court said:

To prevent the possibility that counsel would improperly influence his client and thus taint his testimony, the trial court in this case erected a barrier to the effective right to counsel. We note that attorneys are duty bound not to engage in the type activity feared by the trial court. *See generally American Bar Association Code of Professional Responsibility* (1975). We further observe that, if in a specific case a judge anticipates that counsel will attempt to improperly influence a party-witness, steps can be taken to alleviate the potential for harm. *See Geders [v. U.S.],* supra, 425 U.S. [80] at 89–90, 96 S.Ct. [1330] at 1335–1336 [47 L.Ed.2d 592 (1976)]. However, to the extent that the goal of preventing potential improper coaching conflicts with a defendant's right to freely consult with counsel, we agree with the *Geders* Court that "the conflict must, under the Sixth Amendment, be resolved in favor of the right to the assistance and guidance of counsel." *Geders, supra,* 425 U.S. at 91, 96 S.Ct. at 1336. Accordingly, we hold that depriving a criminal defendant of the right to consult with counsel during court recesses—regardless of how brief the recesses may be—violates the constitutional right to effective assistance of counsel.

*Conway,* 632 F.2d at 644–45.

The statement in *Conway* to the effect that depriving a criminal defendant of the right to consult with counsel during court recesses—regardless of how brief the recesses may be—was unnecessary to a decision in that case, and is dictum. The recess in question in the case before us, however, was sufficiently long to permit meaningful consultation between defendant and his counsel and there is no principled way to distinguish *Conway* from this case on the facts.

The judgment of the district court is, therefore, AFFIRMED. Petitioner shall be afforded the opportunity for a new trial commencing within 120 days of the is-

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1982) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

suance of the mandate in this case or be released and discharged.